## N. Hampton *v.* J. S. Morgan.

The object of registry both of sales and mortgages, being to give notice to the public, the object is fulfilled, no matter whether the proof on which the recorder acts, was formal or informal.

APPEAL from the District Court of the Parish of East Baton Rouge, *Robertson,* J. *A. M. Dunn,* for plaintiff. *Cyrus Ratliff,* for defendant and appellant. *Davidson & McHatton,* for *Strickland.*

Slidell, C. J. We think it a sufficient reason for affirming the judgment, that the conveyance to *Hampton* was recorded in the conveyance office before *Morgan* acquired any right; and, in our opinion, if the Recorder of Convey-

<div style="margin-left-note">Hampton<br>v.<br>Morgan.</div>

ances does put a sale under private signature on the record, the question whether he does so, on sufficient proof, is immaterial, so far as concerns the question of notice to the public. It has been so held in case of registry of mortgages, by private writing, and we are aware of no legislation excluding registries of conveyances from the same equitable doctrine. The object of registry, both of sales and mortgages, is notice to the public; and this object is fulfilled, no matter whether the proof on which the Recorder acts was formal or informal.

It will be observed that the statute of 1846, entitled an Act to create the office of Recorder for the several parishes of the State, (the parish of Orleans excepted,) enacts in its second section, "that the Recorders shall be recorder of mortgages, *register of conveyances* and marriage contracts, recorder of births and deaths, and keeper of marks and brands, and he shall be entitled to the same perquisites and emoluments as are allowed by the registry laws to officers performing similar duties; and shall be liable to the same responsibilities as are now imposed by law on the officers discharging those duties." And by the third section of the Act to create a Register of Conveyances for New Orleans, it was enacted, that whenever acts of transfer shall have been passed under private signature, said Register shall register them *in toto*, with an act ascertaining the signatures, if the contracting parties wish the registry of the act to be accompanied with an act ascertaining their signatures. Statutes of 1827, p. 138. Act of 1828, p. 94, sec. 4. See also *Ells* v. *Sims*, 2 Ann. 251. *Merchants' Bank* v. *Bank of the United States*, 2 Ann. 661.

Judgment affirmed, with costs.

Voorhies, J., Buchanan, J., and Spofford, J., concurring.

Ogden, J., concurring in the judgment on other grounds.